Appellant Patricia Utt appeals a judgment of the Richland County Common Pleas Court lowering the child support obligation of appellee John Utt. Appellant, appearing pro se, has filed a brief in the form of a letter to this court. From this brief, we extrapolate the following Assignment of Error:
ASSIGNMENTS OF ERROR:
 I. THE COURT ERRED IN FAILING TO CONSIDER THE BEST INTEREST OF THE CHILD IN DETERMINING A MODIFICATION OF CHILD SUPPORT.
 II. THE COURT ERRED IN APPROVING THE RECOMMENDATION OF THE MAGISTRATE, WHICH FAILED TO FOLLOW THE PRIOR ORDER OF THE COURT TO REQUIRE CSEA TO PRESENT EVIDENCE CONCERNING APPELLEE'S INCOME SOURCES.
 III. THE COURT FAILED TO CONSIDER THAT APPELLANT HAD VOLUNTARILY BEEN PAYING FOR HEALTH INSURANCE FOR THE CHILD, DESPITE A PRIOR ORDER FROM THE COURT REQUIRING APPELLEE TO PAY FOR HEALTH INSURANCE.
 IV. THE COURT ERRED IN USING APPELLEE'S 1996 INCOME ON THE CHILD SUPPORT WORKSHEET, AND IN DEDUCTING CHILD SUPPORT FOR A SECOND CHILD, WHICH APPELLEE WAS NOT PAYING TO SUPPORT.
 II.
We address the second Assignment of Error first, as it is dispositive of the case.
Following the initial modification hearing, at which appellee was represented by an attorney from the Child Support Enforcement Agency, the Magistrate filed a decision recommending child support in accordance with the administrative determination of the Agency. Appellant objected to the report of the Magistrate. The court remanded the matter to the Magistrate for a further hearing. The court expressly ordered that the Richland County Child Support Enforcement Agency was to conduct an immediate investigation into all of the income sources of appellee, and present as a witness the CSEA employee who conducted the investigation. The court further directed the Magistrate to make additional inquiry into the reasons why appellee terminated his original employment to take a lesser paying job.
At the second hearing, CSEA did not present a witness testifying concerning any investigation, in direct contravention of the prior order of the Judge. Nevertheless, upon further objection from appellant, the court held that she waived any error by failing to object at the hearing. We find that appellant, representing herself, properly preserved the issue by filing an objection to appellee's failure to present the witness as ordered by the court. As the Magistrate failed to comply with the remand order of the court, the second Assignment of Error is sustained.
 I., III., IV.
These Assignments of Error are rendered moot by our disposition of Assignment of Error II.
The judgment of the Richland County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law.
By: Reader, V.J., Wise, P. J. and Gwin, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law. Costs to appellee.
--------------------
--------------------
 -------------------- JUDGES